IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY ANNE CLARK, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 12-6174 |
| PROGRESSIVE ADVANCED | : | |
| INSURANCE COMPANY | : | |

**MEMORANDUM**

Ludwig, J.  April 26, 2013

This is a breach of insurance contract action. Jurisdiction is diversity. 28 U.S.C. § 1332.

Plaintiffs Kelly Anne Clark and Robert E. Clark commenced this action by complaint filed in the Court of Common Pleas of Philadelphia County. The action arises from an auto accident in which Kelly Anne Clark was injured while driving her car. Plaintiffs claimed underinsured benefits under the auto insurance policy issued to them by defendant Progressive Advanced Insurance Company. Defendant made an offer, which plaintiffs rejected as inadequate. This action, alleging claims for breach of contract and bad faith under 42 Pa.C.S.A. § 8371, followed. On November 1, 2012, defendant removed the action to this court citing diversity jurisdiction, and subsequently filed a motion to dismiss plaintiffs' bad faith claim. The motion will be granted, and Count II of the complaint will be dismissed without prejudice.[1]

---

[1] In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Evaluation of a complaint requires a two-step analysis: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court

According to the complaint, plaintiff Kelly Anne Clark, on November 1, 2009, was injured in a rear-end collision. Complaint, ¶¶ 3, 5. The driver of the other vehicle was insured under a policy issued by Safe Insurance Company. Safe tendered its coverage of $15,000 and Progressive agreed to its acceptance by plaintiff. *Id.*, ¶¶ 7, 8. Her injuries, however, required extensive treatments and procedures, and her damages exceeded the $15,000 paid by Safe. *Id.*, ¶¶ 10-13. She and her husband submitted a claim to Progressive under their own Underinsured Motorist Benefits coverage, the limit of which was $300,000. *Id.*, ¶¶ 18-20. Progressive responded - $18,578. *Id.*, ¶ 20.

Based on these facts, plaintiffs contend that Progressive has violated the terms of its policy and acted in bad faith under 42 Pa.C.S.A. § 8371. Complaint, Count II.

In order to state a claim under Pennsylvania's bad faith statute, a plaintiff must allege facts showing that "(1) the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis." <u>Klinger v. State Farm Mut. Auto. Ins. Co.</u>, 115 F.3d 230, 233 (3d Cir. 1997)(citations omitted). Here, with respect to plaintiffs' bad faith claim, the complaint states that Progressive's offer "is unreasonable under any circumstances," "[d]efendant has failed to make a good faith offer," and "[d]efendant has arbitrarily and capriciously failed to act in good faith in the settlement of this claim." Complaint, ¶¶ 21, 27, 28.

---

must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts." <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009).

2

However, these are legal conclusions, not facts, and, under Fowler, must be disregarded. Fowler, 578 F.3d at 210-11. Only material facts, taken as true, may be considered under Twombly and Iqbal to determine whether a "plausible claim for relief" has been stated.

Based on the facts set forth in the complaint, plaintiffs appear to have been insureds under a policy issued by defendant that contains underinsured motorist coverage; they sustained injury as a result of a collision with an underinsured motorist; they complied with the terms of the Progressive policy in making an underinsured claim; and Progressive made an offer to cover plaintiffs' losses that was not acceptable to plaintiffs. See Eley v. State Farm Ins. Co., 2011 WL 294031, at *4 (E.D. Pa., filed Jan 31, 2011) (reaching same conclusion under similar facts and dismissing bad faith claim as insufficiently pleaded). These facts are not sufficient to state a plausible claim for relief under Pennsylvania's bad faith statute, and Count II of the complaint must therefore be dismissed.

BY THE COURT:

 /s/  Edmund V. Ludwig
Edmund V. Ludwig, J.